IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| HOLLI DELOACH, | ) |
| | ) CASE NO: 2:12 CV 01082 |
| Plaintiff, | ) |
| | ) JUDGE WATSON |
| vs. | ) MAGISTRATE JUDGE DEAVERS |
| | ) |
| LZB FURNITURE GALLERIES OF | ) |
| BOSTON, INC., | ) |
| | ) |
| Defendant. | |

## STIPULATED PROTECTIVE ORDER

The parties have requested a protective order relating to certain alleged confidential information in the above-captioned matter. It is stipulated and agreed by counsel for the parties in this action that the following protective conditions shall apply to and govern the handling of documents, testimony, deposition exhibits, interrogatory responses, admissions, and any other information or material that is produced, given or exchanged by and among the parties and any non-parties to this action in connection with this litigation.

1.  The following definitions shall apply to this Stipulation and Protective Order:

    a.  "Confidential material" shall mean any produced material designated as confidential pursuant to Paragraph 2 hereof.

    b.  "Attorneys' Eyes Only" shall mean any produced material designated as "Attorneys' Eyes "Only" pursuant to Paragraph 2 hereof.

    c.  "Disclose" shall mean to reveal, provide, describe or make known to any person produced material or any information contained therein.

-1-

d.      "Party" shall mean a party to this action, an affiliated entity, and any employee of such party or affiliated party.

e.      "Produced material" shall mean any testimony, document, information, interrogatory answer, or thing obtained by any party or counsel for any party through discovery in this litigation, including testimony, documents and information obtained from nonparty witnesses.

f.      "Receiving party" shall mean any party, including the party's counsel, to whom produced material is furnished.

2.      Any party may designate as "Confidential" or "Attorneys' Eyes Only" any material produced by it which the designating party deems in good faith to contain confidential information pertaining to that party or any other entity or person, including but not limited to information that is: private, sensitive, medical, personal financial information, proprietary, trade secrets, or other highly confidential information. This designation of documents may be made by typing, writing or stamping the first page of the document "Confidential" or "Attorneys' Eyes Only" or by informing counsel for the receiving party in writing that the documents are "Confidential" or "Attorney Eyes' Only." Interrogatory answers designated "Confidential" or "Attorneys' Eyes' Only" shall be set forth separately, and the first page shall be marked "Confidential" or "Attorney Eyes' Only" Deposition testimony or portions of the testimony may be designated "Confidential" or "Attorneys' Eyes Only" on the record of the deposition or by letter to all counsel mailed within five (5) days after receipt of the deposition transcript by designating counsel.

3.     "Confidential" and "Attorneys' Eyes Only" material shall be used only for the purposes of this case, appeals, related cases, affiliated cases and/or collection actions, including trial and preparation for trial; and shall not be disclosed to any person or governmental agency or otherwise made public except in compliance with the terms of this Stipulation and Protective Order or by order of Court or as required by law.

        a.     Except as otherwise provided, "Confidential" material may be disclosed by the receiving party only to:

            i.     counsel for any party in this case, including in house or general counsel;

            ii.     partners or regular employees of such counsel, including secretaries, paralegals, law clerks and associate attorneys;

            iii.     any party to this action or its representatives;

            iv.     any witness or potential witness for the purpose of conducting an examination of such witness during a trial or deposition or for the purpose of preparing such witness for trial examination or deposition or interviewing such witness or potential witness, subject to the conditions set forth in Paragraph 3(b), but only upon the consent of the opposing counsel (said consent shall not be unreasonably withheld); however, if said consent cannot be obtained, then the party seeking to use the confidential material may apply orally or in writing to court for the right to disclose this confidential material;

            v.     the court and any of its employees;

−3−

vi.    any expert retained or consulted by a party for the purpose of obtaining the expert's advice or opinion regarding any issue in the litigation, but only to the extent necessary for the expert to provide such advice or opinion and subject to the conditions set forth in Paragraph 3(b).

b.    Except as otherwise provided, "Attorney Eyes Only" material may be disclosed by the receiving party only to:

i.    counsel for any party in this case, including in house and general counsel;

ii.    partners or regular employees of such counsel, including secretaries, paralegals, law clerks and associate attorneys;

iii.    the court and any of its employees;

iv.    any expert retained or consulted by a party for the purpose of obtaining the expert's advice or opinion regarding any issue in the litigation, but only to the extent necessary for the expert to provide such advice or opinion and subject to the conditions set forth in Paragraph 3(b).

c.    Before disclosing Confidential material or Attorneys Eyes' Only material, other than to the court, parties, counsel for a party, other members of their firm, and their regular employees, the receiving party shall ensure that the recipient of the disclosure has (i) been provided a copy of this Stipulation and Protective Order, and (ii) executed an Agreement to Maintain Confidentiality in the form attached as Exhibit A hereto.  Counsel for the

receiving party shall retain Executed Agreements to Maintain Confidentiality for one (1) year following termination of this action and exhaustion of all appeals relating to this action.

d.     Any person to whom Confidential or Attorneys' Eyes Only material is disclosed by the receiving party or by any person who obtained such produced material from the receiving party shall be bound by the provisions of this Stipulation and Protective Order and is subject to all appropriate sanctions and remedies, including contempt, for any violation of this Stipulation and Order.

e.     If either Party wishes to file with the court any documents designated Confidential or Attorneys' Eyes Only, or any document any party deems in good faith to contain confidential information, the filing Party must first file a motion with the court requesting leave to file such documents under seal pursuant to Proctor & Gamble Co. v. Bankers Trust Co., 78 F.3d 219, 227 (6th Cir. 1996); Brown & Williamson Tobacco Corp. v. FTC, 710 F.2d 1165, 1177 (6th Cir.1983). If the court grants leave, the material shall be filed under seal with the Court.

4.     Nothing in this order prevents any party from disclosing any material that it has produced to any other person or otherwise restricts the use of such material by the party producing it. Such disclosure does not waive or otherwise modify the protection or confidentiality provided in this order. Nothing in this order prevents a party from disclosing any information received from any third party, outside source or received in this case prior to this entry.

5.    Confidential Material and Attorneys' Eyes Only Material shall be used and communicated only by counsel in this matter, and such other persons as are given access as permitted. All Confidential Material and Attorneys' Eyes Only Material produced or revealed to a party to this agreement or other person shall be used by such party or other person solely in connection with the settlement discussions, ongoing litigation, related litigation, affiliated litigation or collection and not for any competitive, or publicity purpose or function and such information shall not be disclosed in any manner to anyone except as provided herein.

6.    Any party, with notice to all parties, may move the court to: (a) enter an order extending or otherwise modifying this Stipulation and Protective Order or relieving such party from any provision hereof, or (b) enter any other protective orders as may be appropriate. The parties shall negotiate in good faith prior to making any motion relating to this Stipulation and Protective Order or any proposed modification thereof.

7.    Any party may waive the applicability of any provision of this Stipulation and Protective Order to any information, document or thing produced by that party.

8.    Within sixty (60) days following conclusion of this action and any and all related actions, all Confidential material or Attorneys' Eyes Only material and documents containing Confidential material or Attorneys' Eyes Only material, held by persons other than the court, including all copies, shall be returned to the producing party or destroyed.

9.    Counsel for each party to this Stipulation and Protective Order shall make a good faith effort to ensure compliance with its provisions. In the event of a change in counsel, retiring counsel shall fully instruct new counsel of its responsibilities under this Stipulation and Protective Order.

-6-

10.     This Protective Order shall not be deemed a waiver and shall be without prejudice to the right of any party to bring before the Court at any time the question of whether any particular information is discoverable or relevant to any issue in this case, or whether any document or information qualifies as Confidential for purposes of this Protective Order. A designation by one party that certain information is deemed Confidential shall not be construed as a waiver of the other party's right to challenge that designation pursuant to the provisions of this Protective Order. If a party to this Protective Order at any time wishes to have the Confidential designation of any document or information removed, such party shall, in writing, request such change by the other party. If the other party refuses, within 5 business days after receipt of such request (or within such other time period as may be mutually agreed upon in writing by the parties hereto), to remove the designation, such party may file a motion with the Court for an order changing or removing the designation.

11.     The parties consent to the issuance of this Stipulation and Protective Order as an order of the court.

12.     The parties shall be entitled to rely and act on and shall be bound by this Stipulation and Protective Order when it has been signed by the parties or their counsel, whether or not this Protective Order has been signed by the court.

13.     Because of the proprietary and confidential nature of the documents and other discovery material, the parties agree that they will be liable for any and all damages and attorneys' fees incurred by the non-breaching party and their affiliates, representatives or agents, including such additional relief as the court deems appropriate associated with improper disclosure or use of the documents and materials produced in accordance with this agreement. The parties agree to

-7-

defend and indemnify each other and their affiliates, representatives or agents, for any and all claims or damages caused by the breaching parties' violation or breach of this agreement.

        14.      The terms of this Stipulation and Protective Order shall survive and remain in effect after the termination of this lawsuit.

Dated: July 1, 2013

                      Respectfully submitted,

                      s/ Stephanie S. Hathaway
                      Stephanie S. Hathaway (#0074262)
                      **REMINGER CO., L.P.A.**
                      101 W. Prospect Avenue, Suite 1400
                      Cleveland, Ohio 44115
                      (216) 687-1311
                      (216) 687-1841 (Fax #)
                      E-mail: shathaway@reminger.com
                      *Attorney for Defendant*

                      Gregory R. Mansell (via email consent)
                      Gregory R. Mansell (#0085197)
                      Mansell Law LLC
                      20 S. Third Street, Suite 210
                      Columbus, Ohio 43215
                      614-610-4134
                      513-826-9311 (FAX)
                      Email: greg.mansell@ohio-employmentlawyer.com

                  ORDER

SO ORDERED this _____ day of _____, 2013.

                      Judge

-8-

## EXHIBIT A

## AGREEMENT TO MAINTAIN CONFIDENTIALITY

I have been given and read a copy of the Stipulation and Protective Order dated July 1, 2013, in this case. I understand and will strictly adhere to the contents of said Order. I understand that produced material disclosed to me is subject to the Protective Order of this court and that I am prohibited from copying, disclosing or otherwise using such material except as provided by said court Order. I also understand that my execution of this Agreement to Maintain Confidentiality, indicating my agreement to be bound by said Protective Order, is a prerequisite to my review of any produced materials, as defined in the Stipulation and Protective Order.

Dated this _____ day of _____, 2013.


_____